GEORGE F. SINRAM, Plaintiff, *v.* WA KEN CONSTRUCTION & REALTY CORP. et al., Defendants.

Supreme Court, Special Term, Bronx County, October 14, 1949.

*Samuel M. Sprafkin* for Wa Ken Construction & Realty Corp., defendant.

*Henry K. Heyman* for plaintiff.

HAMMER, J. This is a motion for an order compelling plaintiff to accept the amended answer of the defendant Wa Ken Construction & Realty Corp., verified by one of the directors of the defendant corporation. The answer was returned by plaintiff on the ground that it was not verified in that the verification was made by a director and not an officer of the corporation. Rule 99 of the Rules of Civil Practice states: " 1. If the party be a domestic corporation, the verification must be made by an officer thereof which shall be deemed a verification by the party." The problem presented, therefore, is whether a director is such an officer as is contemplated by rule 99 of the Rules of Civil Practice. Research reveals only two reported cases in point which in my opinion are determinative of the issue. In *Eastham* v. *York State Tel. Co.* (86 App. Div. 562), the court held: " The plaintiff has been required by an order of the

Special Term to accept an answer of the defendant verified by one of its directors. The defendant is a domestic corporation. By virtue of the Code of Civil Procedure (§ 525) the verification of a pleading of a domestic corporation must be made by one of its officers. The sole question here for determination is whether a director is such an officer as is contemplated by this section. In *Bigelow* v. *Whitehall Manufacturing Co.* (1 City Ct. Rep. 138), Judge McADAM held that a director was an officer of a corporation within the meaning of this provision. This decision was made in 1879. As far as we have been able to ascertain the decision has never been questioned, and has been accepted by the profession as a correct interpretation of the word ' officer,' as thus used in the statute. (1 Rumsey Pr. [2d ed.] p. 340.) A director has frequently been referred to in the decisions of the court as an officer of a corporation, and the statutes themselves sometimes refer to directors as such officers. Whatever might be our views were the question an original one, inasmuch as for over twenty years the accepted interpretation of the statute has authorized a director to verify the pleading of a corporation, we think that it would be unwise now to hold otherwise." In Carmody on New York Pleading and Practice (Vol. 3, p. 1815), it is stated: " If the party be a domestic corporation, the verification may be made by an officer thereof * * *. And a director is an officer of the corporation, as contemplated by this section ". (Citing *Eastham* v. *York State Tel. Co., supra,* and *Bigelow* v. *Whitehall Mfg. Co., supra.*)

The motion is, therefore, granted.